UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEWANDA ADAMS | ) | |
| | ) | |
| Plaintiff, | ) | 14 C 8389 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| LAW OFFICE OF KEITH S. SHINDLER, LTD., a/k/a THE SHINDLER LAW FIRM, a/k/a SHINDLER AND JOYCE, and CAVALRY PORTFOLIO SERVICES, LLC, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| STANFORD REID | ) | |
| | ) | |
| Plaintiff, | ) | 14 C 8123 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| BLITT & GAINES, P.C., and MIDLAND FUNDING LLC, | ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This opinion addresses two materially identical cases under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Both suits allege that Defendants—debt collectors and their lawyers—violated the FDCPA's venue provision, 15 U.S.C. § 1692i(a)(2), by filing debt collection actions in Cook County's First Municipal District, located in downtown Chicago, instead of in its Sixth Municipal District, located in Markham, nearer to where Plaintiffs lived at the time the debt collection actions were filed. Defendants have moved to dismiss both suits as time-barred under the FDCPA's one-year statute of limitations, 15 U.S.C. § 1692k(d). Doc. 19 (14 C 8389); Docs. 15, 20 (14 C 8123). The motions are granted.

**Background**

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must accept the complaints' well-pleaded factual allegations, with all reasonable inferences drawn in Plaintiffs' favor, but not their legal conclusions. *See Smoke Shop, LLC v. United States*, 761 F.3d 779, 785 (7th Cir. 2014); *Munson v. Gaetz*, 673 F.3d 630, 632 (7th Cir. 2012). The court must also consider "documents attached to the complaint[s], documents that are critical to the complaint[s] and referred to in [them], and information that is subject to proper judicial notice," along with additional facts set forth in Plaintiffs' briefs opposing dismissal, so long as those additional facts "are consistent with the pleadings." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1020 (7th Cir. 2013) (internal quotation marks omitted) (quoting *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012)). The facts are set forth as favorably to Plaintiffs as those materials permit. *See Meade v. Moraine Valley Cmty. Coll.*, 770 F.3d 680, 682 (7th Cir. 2014); *Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012).

A. **Case 14 C 8389**

Cavalry Portfolio Services, a debt collector, had been attempting to collect a $2,135.44 debt that Dewanda Adams allegedly owed. Doc. 1 at ¶ 9. On February 22, 2012, Cavalry, through its counsel Law Office of Keith S. Shindler, filed a collection suit against Adams in the Circuit Court of Cook County, Illinois, First Municipal District, located in Chicago. *Id*. at ¶¶ 11-12. Adams lived in Harvey, Illinois, and the First Municipal District courthouse was roughly 22 miles from her home. *Id*. at ¶¶ 15, 18. By contrast, the Sixth Municipal District courthouse in Markham was just 3.5 miles from her home. *Id*. at ¶¶ 16, 19.

Adams did not appear in the collection case, and on September 24, 2012, the state court entered an *ex parte* default judgment against her for $2,135.44 plus costs. Doc. 21-3 at 2. (The

state court order, which is not attached to the complaint, is subject to judicial notice. *See Young-Smith v. Holt*, 575 F. App'x 680, 682 (7th Cir. 2014) (per curiam) ("[A] court may take judicial notice of matters of public record such as a court order."); *In re Salem*, 465 F.3d 767, 771 (7th Cir. 2006) ("We begin with the New York cases; we take judicial notice of these dockets and opinions.").) On October 2, 2013, Defendants filed an "affidavit for wage deduction" with the state court. Doc. 1-1 at 4. On January 8, 2014, the state court entered a "wage deduction order/turnover order." Doc. 1 at ¶ 25; Doc. 21-4 at 2. (The parties agree that despite the order's being date-stamped "JAN 08 2013," it was in fact issued on January 8, 2014.) The order required the third-party respondent, Chicago Public Schools, to "deduct each pay period 15% of [Adams's] non-exempt gross wages" and "turn[ the wages] over to [Cavalry's] attorney … on a monthly basis." Doc. 21-4 at 2, ¶ 1.

Adams filed this lawsuit on October 24, 2014. Doc. 1.

**B.**     **Case 14 C 8123**

Midland Funding, a debt collector, had been attempting to collect a $988.76 debt that Stanford Reid allegedly owed. Doc. 1 at ¶ 9. On June 18, 2013, Midland, though its counsel Blitt & Gaines, filed a collection suit against Reid in the Circuit Court of Cook County, Illinois, First Municipal District, located in Chicago. *Id*. at ¶¶ 10-12. Reid lived in Hazel Crest, Illinois, and the First Municipal District courthouse was roughly 25 miles from his home. *Id*. at ¶¶ 15, 18. By contrast, the Sixth Municipal District courthouse in Markham was just 2.6 miles from his home. *Id*. at ¶¶ 17, 19.

Reid did not appear in the collection case, and on August 6, 2013, the state court entered an *ex parte* default judgment against him for $988.76 plus costs. Doc. 1-1 at 3. On September 11, 2013, Defendants filed an "affidavit for wage deduction" with the state court. *Ibid*. On October 17, 2013, the state court entered a "wage deduction order/turnover order." Doc. 1 at

3

¶ 25; Doc. 1-1 at 4. The order was entered against garnishee defendant "United Parcel Serv." Doc. 1-1 at 4.

Reid filed this lawsuit on October 16, 2014. Doc. 1.

## Discussion

**I.     Case 14 C 8389**

Adams claims that Defendants violated the FDCPA's venue provision, which provides in relevant part that "[a]ny debt collector who brings any legal action on a debt against a consumer shall … bring such action only in the judicial district or similar legal entity … in which such consumer resides at the commencement of the action." 15 U.S.C. § 1692i(a)(2)(B). Defendants concede that, under the Seventh Circuit's recent *en banc* decision in *Suesz v. Med-1 Solutions, LLC*, 757 F.3d 636 (7th Cir. 2014) (en banc), the proper "judicial district" for its collection action against Adams was the Sixth Municipal District in Markham, not the First Municipal District in Chicago. Doc. 21 at 5; *see Suesz*, 757 F.3d at 638, 643 (holding that "the relevant judicial district or similar legal entity is the smallest geographic area relevant to venue in the court system in which the case is filed," and overruling *Newsom v. Friedman*, 76 F.3d 813 (7th Cir. 1996), which had "held that the intra-county districts … in Illinois's Cook County Circuit Court were not separate judicial districts for purposes of § 1692i"). Defendants nevertheless move to dismiss this suit as time-barred by the FDCPA, which requires an action to be brought "within one year from the date on which the violation [of the FDCPA] occurs." 15 U.S.C. § 1692k(d).

The court is mindful that "because the period of limitations is an affirmative defense it is rarely a good reason to dismiss under Rule 12(b)(6)." *Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1030 (7th Cir. 2004); *see Sidney Hillman Health Ctr. of Rochester v. Abbott Labs., Inc.*, 782 F.3d 922, 928 (7th Cir. 2015). "But when a plaintiff's complaint nonetheless sets out

4

all of the elements of an affirmative defense, dismissal under Rule 12(b)(6) is appropriate." *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012); *see Chicago Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613-14 (7th Cir. 2014) ("a motion to dismiss based on failure to comply with the statute of limitations should be granted only where the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense") (internal quotation marks omitted); *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004) ("Only when the plaintiff pleads itself out of court—that is, admits all the ingredients of an impenetrable defense—may a complaint that otherwise states a claim be dismissed under Rule 12(b)(6).").

The parties agree that the FDCPA's one-year clock commences on "the date on which the [FDCPA] violation occurs," 15 U.S.C. § 1692k(d), and that a violation of the venue provision "occurs" when a "debt collector … brings any legal action on a debt against any consumer," § 1692i(a). Defendants argue that the only "legal action" they brought was the Cook County collection action, which they filed in February 2012—far more than a year before Adams brought this FDCPA suit. Doc. 21 at 5-6. And indeed, the commonly understood meaning of "bring an action" is "to sue; to *institute* legal proceedings." *Black's Law Dictionary* 231 (10th ed. 2014) (emphasis added); *see also id*. at 917 (defining the verb "institute" as "[t]o begin or start; commence"). So it would appear that the only "legal action" that could have triggered the running of the limitations period was the filing of the collection action in February 2012.

Adams responds that the state court's entry of the wage deduction order on January 8, 2014 qualifies as "bring[ing] a[] legal action" within the meaning of § 1692i(a), thereby re-setting the limitations period. Doc. 26 at 5. In support, she cites *Fox v. Citicorp Credit Services*, 15 F.3d 1507 (9th Cir. 1994), and *Blakemore v. Pekay*, 895 F. Supp. 972 (N.D. Ill. 1995), for

support.  In *Fox*, the Ninth Circuit held that *instituting* a separate garnishment action after the original collection action had concluded qualifies as bringing a legal action on a debt within the meaning of § 1692i(a).  15 F.3d at 1515.  And in *Blakemore*, the district court held that a creditor's *filing* an affidavit for a wage deduction qualifies as well.  895 F. Supp. at 983.  Neither decision (or any other to this court's knowledge) holds that *a court's entry* of a garnishment or wage deduction order qualifies as *a debt collector's bringing* a legal action, and any such interpretation of § 1692i(a) would be absurdly counter-textual.

It is open to question whether *Fox* and *Blakemore* were correctly decided given that garnishment is an action against a third party, such as the debtor's employer, and not against the debtor herself.  *See Smith v. Solomon & Solomon, P.C.*, 714 F.3d 73, 76 (1st Cir. 2013) (holding that a garnishment action "is directed against the trustee, not the debtor," and therefore that the FDCPA's venue provision does not apply to such an action, and noting that the FTC agrees); *Pickens v. Collection Servs. of Athens, Inc.*, 273 F.3d 1121 (11th Cir. 2001) (mem.), *affirming* 165 F. Supp. 2d 1376, 1380-81 (M.D. Ga.) (same); *Hill v. Freedman Anselmo Lindberg, LLC*, 2015 WL 2000828, at *3 (N.D. Ill. May 1, 2015) (deeming *Blakemore* "a single outlier in a wave of district court opinions that hold only the filing of the collection case initiates the running of the statute of limitations"); *McDermott v. Barton*, 2014 WL 6704544, at *7 (S.D. Ill. Nov. 26, 2014) (holding that a garnishment proceeding in Illinois is not "viewed as an action against the consumer/debtor") (citing *Hibernian Banking Ass'n v. Morrison*, 58 N.E. 960, 961 (Ill. 1900)); *Peter Fischer Import Motors, Inc. v. Buckley*, 460 N.E.2d 346, 350 (Ill. App. 1984) (holding that a garnishment proceeding is "a post-judgment procedure instituted directly against a third party in whose hands the judgment debtor's property may be found and the creditor's claim against his debtor has already been resolved, and judgment thereon rendered").  It is even questionable

6

whether *Fox* remains good law in the Ninth Circuit. *See Naas v. Stolman*, 130 F.3d 892, 893 (9th Cir. 1997) (holding that "the statute of limitations [begins] to run on the filing of the complaint"); *Hill*, 2015 WL 2000828, at *3 (concluding that *Naas* "explicitly rejected *Blakemore*," which itself relied on *Fox*). But even if *Fox* and *Blakemore* were correctly decided—that is, even if, contrary to the great weight of authority just cited, initiating a wage garnishment proceeding or filing a wage deduction affidavit to collect on a judgment obtained in a debt collection suit qualifies as a "bring[ing]" a separate "legal action … against a[] consumer" under § 1692i(a) and thereby re-sets the § 1692k(d) limitations period—Adams still sued too late. Defendants filed their wage deduction affidavit on October 2, 2013, more than a year before Adams filed this suit on October 24, 2014. This means that even under *Fox* and *Blakemore*, Adams's suit is barred by the FDCPA's one-year statute of limitations.

## II. Case 14 C 8123

Represented by the same law firm as Adams, Reid makes essentially the same arguments opposing dismissal. And so for the reasons just discussed, Reid's suit is time-barred. The state court's entry of the October 17, 2013 wage deduction order in his case does not constitute the bringing of a legal action under § 1692i(a). And Defendants' filing the wage deduction affidavit on September 11, 2013 predated by more than one year Reid's filing of this suit on October 16, 2014.

## Conclusion

Defendants' motions to dismiss are granted. Because the limitations bar cannot be cured by repleading, the dismissals are with prejudice.

June 4, 2015

_____
United States District Judge